UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS J. INGRASSIA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:11CV618 DDN |
| ALAN BLAKE, | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." The Court has reviewed the petition and finds that it must be dismissed as successive.

In the late 1970's, petitioner pled guilty to four instances of rape. See <u>Ingrassia v. State</u>, 103 S.W.3d 117, 118 n. 2 (Mo. Ct. App. 2002). In 1999, after petitioner was released from prison, the State of Missouri filed a petition alleging that petitioner may meet the definition of a sexually violent predator ("SVP") under the Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act"). <u>Id.</u> A jury found petitioner to be an SVP, and in 2001 the court entered an order

committing petitioner to the custody of the Missouri Department of Mental Health for treatment. Id. at 119.

Petitioner filed a direct appeal. Id. During the pendency of the appeal, petitioner escaped from the Missouri Sexual Offender Treatment Center. Id. Petitioner escaped by cutting through his window, climbing two stories down to the ground on tied-together bed sheets, and cutting through three fences. See State of Missouri's appellate brief in Ingrassia v. State, 252 S.W.3d 225, 2008 WL 1780284. Petitioner absconded to Florida where he lived under an assumed name and got married. Id. A little over two years later, petitioner was apprehended by Florida law enforcement and returned to Missouri. Id. After he was returned to Missouri, Missouri law enforcement officials retrieved a DNA sample from petitioner and sent it to Florida officials to determine whether his DNA matched that of the evidence found in any unsolved crimes. See Petition. Petitioner's DNA was not found to match that associated with any unsolved crimes in Florida. Id.

Petitioner's appeal from his SVP conviction was dismissed pursuant to Missouri's escape rule. See Ingrassia, 103 S.W.3d at 121. Petitioner's application for transfer was denied on May 27, 2003, and the Missouri Court of Appeals issued its mandate on June 5, 2003.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Francois County on January 13, 2010. See Petition at 4. The petition was summarily denied. Petitioner filed subsequent petitions in the Missouri Court of Appeals and the Missouri Supreme Court, which were also summarily denied.

On May 7, 2010, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. Ingrassia v. Schafer, 4:10CV849 DDN (E.D. Mo.). In the petition, petitioner argued that the petition should not have been time-barred because during the time he was living in Florida he did not commit any sexual crimes. Id. The Court rejected petitioner's argument and summarily dismissed the petition as time-barred. Id. This Court did not issue a certificate of appealability, and petitioner did not file a motion for certificate of appealability in the Court of Appeals. Id.

In the instant petition, petitioner argues that the fact that Florida officials did not connect his DNA to any unsolved crimes constitutes "newly discovered evidence," which proves that he did not commit any sexual crimes while he was on escape status, and therefore, he is not inclined to be a recidivist and cannot be an SVP under the Missouri statutes. Petitioner claims that, as such, he does not require treatment for a psychological abnormality. Based on these premises, petitioner concludes that his confinement at the Sexual Offender Rehabilitation Treatment

Services facility, formerly MSOTC, is unconstitutional. Petitioner also asserts that his petition should not be time-barred because it is based on this "newly discovered evidence." The instant petition is substantially similar to the one he brought in May 2010.

"[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005); see Altman v. Benik, 337 F.3d 764, 766 (7th Cir.2003) (a previous petition dismissed due to untimeliness counts as a "prior application" for purposes of the § 2244(b) restrictions on successive petitions);. Title 28 U.S.C. § 2244(b)(1) states, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

The instant petition is successive to Schafer, 4:10CV849 DDN (E.D. Mo.), and it contains the same claims. As a result, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(b)(1).

As to the merits of petitioner's claim, petitioner does not challenge the constitutionality of the state judgment under which he is currently committed. As a result, the claims raised in the petition are non-cognizable in habeas corpus

proceedings. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Moreover, the fact that the Florida officials failed to connect petitioner's DNA to any unsolved crimes does not constitute newly discovered evidence because it is not relevant evidence under Rule 401 of the Federal Rules of Evidence.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

Dated this 12th day of April, 2011.

                                           RODNEY W. SIPPEL
                                           UNITED STATES DISTRICT JUDGE